**AEGIS LAW FIRM, PC**
KASHIF HAQUE, (State Bar No. 218672)
SAMUEL A, WONG (State Bar No. 217104)
SAM KIM (State Bar No. 258467)
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff,
LUIS ORTIZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LUIS ORTIZ, individually, and on behalf of other members of the general public similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>EXEL INC., a Massachusetts corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  **Violation of 15 U.S.C. Section 1681b(b)(2)(A) (Fair Credit Reporting Act);**<br><br>2.  **Violation of California Civil Code Section 1786** *et seq.* **(Investigative Consumer Reporting Agencies Act);**<br><br>3.  **Violation of California Civil Code Section 1785** *et seq.* **(Consumer Credit Reporting Agencies Act); and**<br><br>**JURY TRIAL REQUESTED** |

1

Plaintiff LUIS ORTIZ ("Plaintiff") individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## NATURE OF THE ACTION

1. This class action arises from EXEL INC.'S ("Defendant") acquisition and use of consumer, investigative consumer and/or credit reports to conduct background checks on Plaintiff and other prospective, current and former employees.

2. Defendant routinely obtains and uses information from consumer, investigative consumer, and/or credit reports to conduct background checks on prospective, current and former employees without complying with state and federal mandates for doing so.

3. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendant's willful or grossly negligent conduct and its systematic and willful violation of, *inter alia,* the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.,* Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.,* and Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code§§ 1785 *et seq.*

4. While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under federal law pursuant to the FCRA, and under California state law pursuant to the ICRAA, and CCRAA. Defendant has violated these requirements in at least two separate ways: (1) failure to provide proper "pre-authorization" disclosures~ and (2) failure to provide proper "adverse action" disclosures.

5. First, the FCRA, ICRAA, and CCRAA require users of consumer report information to follow certain procedures and provide certain disclosures prior to procuring and/or obtaining prospective, current and former employees' consumer

report information. However:

    (a)    in violation of Sections 1681b(2)(A)(i) of the FCRA, Defendant included terms in the disclosure form that Plaintiff and other members of the Class were requested to complete as a condition of employment with Defendant, and the disclosure form was not a "stand alone document" because it was part of the Defendant's employment application. An employer's disclosure to a prospective employee that the employer intends to conduct a background check must be made "in a document that consists solely of the disclosure." The plain language of the statute clearly indicates that inclusion of the acknowledgment and agreement of contractual terms such as "at will employment" in a disclosure form violates the disclosure and authorization requirements of the FCRA because such a form would not consist "solely" of the disclosure. The FCRA requires a disclosure form that is not "encumbered by any other information . . . in order to prevent consumers from being distracted by other information side-by-side with the disclosure." The FTC expressly has warned that the FCRA notice "may not include extraneous or contradictory information" and inclusion of other information will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b )(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

    (b)    in violation of Section 1786.16(b) of the ICRAA, Defendant failed to inform Plaintiff and the Class that they may request a copy of the background check; failed to provide Plaintiff and Class Members with a written form by which they could elect, by

means of a box to check, to receive a copy of any report that is prepared; and failed to provide them with a copy of the report in a timely manner once they had elected to receive a copy.

(c) In violation of Section 1786.16(a)(2)(B)(v) of the ICRAA, Defendant failed to provide Plaintiff and Class Members with a written notice of a summary of the provisions of Section 1786.22.

6. As further alleged herein, Defendant's violations occurred because Defendant has failed to properly apprise itself of the statutory mandates before seeking and acquiring consumer, investigative consumer, and/or credit reports; failed to implement reasonable procedures to assure compliance with statutory mandates; violated the express and unambiguous provisions of the relevant statutes; and/or failed to maintain reasonable procedures to assure compliance with statutory mandates.

7. As a result of Defendant's wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, ICRAA, and CCRAA.

8. Plaintiff seeks on behalf of himself and putative class members, statutory, actual, and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

9. The FCRA, codified as 15 U.S.C. Section 1681 *et seq.,* authorizes Court actions by private parties to recover damages for failure to comply with its provisions. Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. Section

1681p and 28 U.S.C. Section 1331.

10. Under 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse because Plaintiff is a resident of California and Defendant is a Massachusetts corporation with its principal place of business in Ohio.

11. Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391 (b)-(c) because Defendant transacts business in this judicial district and certain acts giving rise to the claims asserted in this Complaint occurred within the District. Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391 because this District is a District in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

12. Plaintiff is, and at all relevant times herein has been, an individual residing in California.

13. Plaintiff is informed and believes that Exel is a Massachusetts corporation, with its principle place of business in Ohio, which operates facilities throughout the state of California. Plaintiff was employed by Exel at all times relevant to this Complaint in Defendants' facility located at 305 N Resource Drive, Bloomington, San Bernardino County, California 92316.

14. The acts and omissions complained of herein all occurred in San Bernardino County, California.

**PLAINTIFF'S FACTS**

15. Plaintiff applied for a job with Defendant by completing an Employment Application on or about November 8, 2012.

16. Plaintiff alleges on information and belief that in evaluating his for the applied position, Defendant procured or caused to be prepared, a consumer, investigative consumer, and/or credit report as defined by 15 U.S.C. Section 1681a(d)(l)(B), 15 U.S.C. Section 1681a(e), Cal. Civ. Code Section 1786.2(c), and Cal. Civ. Code Section 1785.3(c).

17. In connection with his employment application, Plaintiff completed Defendant's standard application materials, which, on information and belief, were used by Defendant in the connection with its employment application policies, procedures and/or practices. Among other things, Defendant's Employment Application's last page includes a series of paragraphs above the application's signature line. (A true and correct copy of Plaintiff's employment application is attached hereto as **Exhibit "A."**)

18. The first paragraph on this last page of the four page application form discloses that Plaintiff:

> I certify answers given herein are true and complete to the best of my knowledge. In the event of employment, I understand false or misleading information given in my application or interview(s) may result in discharge, regardless of when such information is discovered. I understand also, I am required to abide by all rules and regulations of the employer as currently stated or issued in the future.

19. The second paragraph on this last page of the four page application form discloses that Plaintiff:

> I hereby understand and acknowledge, unless otherwise defined by applicable law, any employment relationship with this organization is of an "at will" nature, which means the Employee may resign at any time and the Employer may discharge Employee at any time with or without cause. It is further understand this "at will" relationship may not be changed by any written document or by conduct unless such change is specifically acknowledged in writing by an authorized executive of this organization.

20. The third paragraph buried in the last page of the four page application form discloses that Plaintiff is authorizing an investigative consumer report:

> I authorize investigation of all statements contained in this application, of personal history, and of my financial and credit record as may be necessary in arriving at an employment decision. I authorize you to make an investigative consumer report whereby information is obtained through personal interviews with my neighbors, friends, or others with whom I am acquainted. This inquiry may include information as to my character, general reputation, personal characteristics, and mode of living. I understand I have the right to make a written request within a reasonable period of time to receive additional, detailed information about the nature and scope of any such investigative report made.

21. The fourth paragraph on this last page of the four page application form

discloses that Plaintiff:

> I hereby consent to undertake a drug screening upon request of Exel and a medical exam after a conditional offer of employment has been made. I further consent to the release of the results of the medical exam and/or the results of the drug screening to Exel and understand that those results may be used by Exel in its employment decision. I certify answers given in connection with any such drug screen and/or medical exam will be true and complete to the best of my knowledge.

22. The fifth paragraph on this last page of the four page application form discloses that Plaintiff:

> It is Exel's policy to provide equal opportunity for any associate or applicant for employment regardless of race, sex, color, handicap, national origin, religion, creed, age, marital status, veteran status, or any other basis prohibited by law.

23. The inclusion of the Equal Opportunity, At Will Acknowledgement, Drug Screening Acknowledgment provisions in the Application form violates Section 1681b(b)(2)(A) of the FCRA.

24. Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report[1] or investigative consumer report[2] for employment purposes, unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized in writing the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

25. Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information. For example, a 1998 opinion letter from the FTC states: "Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A) requires that the

---

[1] Section 1681a(d)(l)(B) of the *FCRA* define "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes."

[2] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

consumer disclosure be in a document that consist solely of the disclosure." In response to an inquiry as to whether the disclosure may be prominently set forth within an application for employment or whether it must truly be included in a separate document, the FTC responded that, "***[t]he disclosure may not be part of an employment application***  because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure." [Emphasis added].

26. Similarly, in another 1998 opinion letter, the FTC stated: "we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

27. Recently, in a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

28. By including the authorization and disclosure within its Employment Application form, Defendant willfully disregarded willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

29. By including the Equal Opportunity, At Will Acknowledgement, Drug Screening Acknowledgment provisions in its Employment Application form, Defendant further willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

30. Defendant's Employment Application form also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it did not inform Plaintiff and the Class that they may request a copy of the background check or contain a check box

for Plaintiff to elect to receive a copy of his credit report or investigative consumer report.

31. As discussed herein, by including additional provisions in its Employment Application form, Defendant willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

32. Defendant's Employment Application form also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it did not contain a check box for Plaintiff to elect to receive a copy of his credit report or investigative consumer report.

33. Additionally, Defendant's Disclosure and Authorization violates Section 168ld(a) of the FCRA, by failing to provide a written summary of Plaintiff's rights under the FCRA. The Disclosure and Authorization states that "before information from a consumer report or investigative consumer report is used to make an adverse employment decision, [Defendant] will provide [the applicant] with a copy of the report and a description in writing of [the applicant's] rights under the Fair Credit Reporting Act." Defendant's practice and policy is insufficient because Defendant is required to provide Plaintiff with a written description of his rights under the FCRA regardless of whether an adverse employment decision is made.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(l), (b)(2) and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35. Plaintiff's first proposed class consists of and is defined as:

> All persons residing in the United States who applied for an employment position with Exel, Inc. within the two years immediately preceding the filing of this lawsuit and executed Exel, Inc.'s Employment Application form

("FCRA Class").

36. Plaintiff's proposed California subclass of the FCRA Pre- Authorization Class consists of and is defined as follows:

> All persons residing in California, who applied for an employment position with Exel, Inc. within the two years immediately preceding the filing of this lawsuit and executed Exel, Inc.'s Employment Application form ("ICRAA/CCRAA Subclass").

37. Members of the Classes and Subclasses, as described above, will be referred to as "Class Members." Excluded from the Classes and Subclasses are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above Classes and Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

38. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Classes and Subclasses is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

39. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

>   (a)   Whether it is Defendant's standard procedure to provide a stand-alone written disclosure to applicants and employees before

obtaining a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(b) Whether it is Defendant's standard procedure to provide applicants and employees a copy of the FCRA Summary of Rights in compliance with the statutory mandates;

(c) Whether it is Defendant's standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(d) Whether it is Defendant's standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

(e) Whether it is Defendant's standard procedure to provide applicants and employees with a copy of the report, or summary of their rights under the FCRA, before taking adverse action based, in whole or in part, on information contained in a consumer report, investigative consumer report, and/or credit report;

(f) Whether Defendant's failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent; and

(g) The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendant's violations of federal and California law.

40. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

41. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately

protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

42. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

43. <u>Superiority</u>: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur harm and damages and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

44. The Class may also be certified because:

    (a)    the prosecution of separate actions by individual Class Members

        would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Violation of the Fair Credit Reporting Act Section 1681b(b)(2)(A).**

**(As to the FCRA Class Only)**

45. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

46. Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

47. Plaintiff and Class Members are consumers within the meaning Section 168la(c) of the FCRA, because they are "individuals."

48. Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class Members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

49. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to provide adequate written disclosure to applicants and

employees before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and Class Members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

50. Defendant's conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and Class Members. Defendant's willful conduct is reflected by, among other things, the following fact that Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel.

51. Defendant violated section 1681d(a)(l)(B) of the FCRA by failing to provide Plaintiff and Class Members a written summary of their rights under the FCRA at the same time as the disclosure that an investigative consumer report may be made.

52. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a written summary of their rights under the FCRA at the same time as the disclosure that an investigative consumer report may be made. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members, without providing a timely written summary of their rights under the FCRA.

53. Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to Sections 1681b(b)(2)(A) and 1681d(a). Defendant's willful conduct is reflected by, among other things, the facts set forth

above.

54. As a result of Defendant's illegal procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff also suffered anxiety, stress, and confusion as a result of Defendant's inadequate disclosures.

55. Plaintiff, on behalf of himself and all Class Members, seeks all available remedies pursuant to 15 U.S.C. Section 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

56. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## SECOND CAUSE OF ACTION

## Violation of the Investigative Consumer Reporting Agencies Act Section 1786.16(b).

### (As to the ICRAA/CCRAA Subclass Only)

57. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

58. Defendant is a "person" as defined by Cal. Civ. Code Section 1786.2(a).

59. Plaintiff and Class Members are consumers within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

60. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does

not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

61. Defendant violated Section 1786.16(b)(1) of the ICRAA by: (1) failing to provide to Plaintiff and Class Members a written form, by means of a box to check, to indicate their desire to receive a copy of their investigative consumer report requested by Defendant.

62. On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared. Furthermore, it was and is Defendant's practice and policy to mail a copy of the report(s) to applicants and employees who elected to receive such copies within seven days of Defendant's receipt of the report(s), instead of the three business days as required by the statute. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members without providing them with the means required under Section 1786.16(b)(1) of the ICRAA to indicate that they would like to receive a copy of their report(s) and then failed to mail such report(s) within the time frame required under the statute.

63. Accordingly, Defendant willfully violated and continues to violate the ICRAA including, but not limited to Section 1786.16(b). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

64. As a result of Defendant's willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff and Class Members

have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA. In addition to being deprived of the opportunity to take advantage of his statutory rights, Plaintiff also suffered anxiety, stress, and confusion as a result of Defendant's inadequate disclosures.

65. Plaintiff, on behalf of himself and all Class Members, seeks all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Violation of the Consumer Credit Reporting Agencies Act Section 1785.20.5(a).**

**(As to the ICRAA/CCRAA Subclass Only)**

66. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

67. Defendant is a "person" as defined by Cal. Civ. Code Section 1785.3(j).

68. Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

69. Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

70. Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

71. Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

72. Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that contains a box that the person may check to receive a copy of the consumer credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

73. At all relevant times herein, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members, because it failed to provide written notice to Plaintiff and Class Members that includes a check box that would allow Plaintiff and Class Members to opt to receive a copy of their consumer credit report. In addition, on information and belief Defendant failed to contemporaneously provide requested reports to applicants or employees.

74. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to (1) provide notice that includes a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report, and (2) provide requested reports contemporaneously. Pursuant to that policy and practice, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members.

75. Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a) and has violated the privacy rights of Plaintiff and Class Members. Defendant's willful conduct is reflected by, among other things, the facts set forth above.

76. As a result of Defendant's willful conduct as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their

privacy and statutory rights invaded in violation of the CCRAA. In addition to being deprived of the opportunity to take advantage of his statutory rights, Plaintiff also suffered anxiety, stress, and confusion as a result of Defendant's inadequate disclosures.

77. Plaintiff, on behalf of himself and all Class Members, seeks all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

78. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

## REQUEST FOR JURY TRIAL

79. Plaintiff requests a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and Class Members, requests that the Court enter judgment against Defendant, as follows:

1. An order certifying the proposed Classes and Subclasses, designating Plaintiff as named representative of the Classes and Subclasses, and designating the undersigned as Class Counsel;

2. A Declaration that Defendant's practices violate the FCRA, ICRAA, and CCRAA;

3. An award of statutory, compensatory, special, general, and punitive damages according to proof against all Defendants;

4. An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA, ICRAA, and CCRAA;

5. An award of pre-judgment and post-judgment interest, as provided by law;

6. Leave to amend the Complaint to conform to the evidence produced at trial;

7. An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code,§§ 1786.50 and 1785.31(a), Code of Civil Procedure § 1021.5; and

8. Such other relief as may be appropriate under the circumstances.

DATED: September 22, 2015                AEGIS LAW FIRM, PC


By: /s/ Kashif Haque _____
Kashif Haque
Samuel A. Wong
Sam Kim
Attorneys for Plaintiff LUIS ORTIZ